IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| R. KEITH CHRISTENSEN, Trustee, and and MARIAN I. CHRISTENSEN, Trustee, | ) ) ) | |
| Plaintiffs, | ) ) | 8:03CV478 |
| vs. | ) ) | ORDER |
| THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF RECLAMATION, | ) ) ) ) ) | |
| Defendant. | ) | |

    This matter is before the court on the plaintiffs' Motion for Substitution of Parties (Filing No. 79). The plaintiffs filed neither a brief in support of the motion nor evidence. The defendant filed an Opposition to Plaintiffs' Motion for Substitution of Parties (Filing No. 80). The plaintiffs subsequently filed their Response to Defendant's Opposition to Plaintiffs' Motion for Substitution of Parties (Filing No. 81).

    In their July 12, 2005 Motion, the original plaintiffs in this case, R. Keith Christensen and Marian I. Christensen (jointly, the Christensens), move the court to order the substitution of Barta Land Co., LLC as the sole plaintiff pursuant to Rule 25(c) of the Federal Rules of Civil Procedure.[1] The Christensens explain they "sold their interest in the real estate to which the 'road' which is the subject of this litigation leads, and have assigned all of their interest in said road and this litigation to Barta Land Co., LLC, pursuant to the terms of a written Assignment dated April 22, 2005." Mot. for Substitution of Parties at 1.

    The defendant opposes the Christensens' Motion to substitute Barta Land Co., LLC as the plaintiff in this case, but does not object to the court's joining Barta Land Co., LLC as an additional plaintiff. The defendant states it is unclear from the Motion whether the

---

[1] In a civil action where there has been a transfer of interest, the original party may continue the action "unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).

Christensens retain any interest in the property at issue in this lawsuit. The defendant complains that at this late stage in the litigation, little more than one month before the trial commences, the plaintiffs seek to change the caption of this matter which could undermine maintaining an accurate and complete record of the proceedings. The defendant further states that the plaintiffs will not be harmed if they remain named plaintiffs in this matter and Barta Land Co., LLC is joined with the Christensens.

The Christensens respond to the defendant's Opposition, stating they conveyed all of their right, title and interest in the real estate at issue to Barta Land Co., LLC, and they assigned all of their right, title and interest in and to this lawsuit to Barta Land Co., LLC. They further state their counsel would continue to represent Barta Land Co., LLC in this matter. Finally, they state they would not object to naming Barta Land Co., LLC as an additional plaintiff in this matter.

## LEGAL ANALYSIS

The Motion under consideration here suffers from two defects.

First, "if a motion requires the court to consider any factual matters not established by the pleadings, the moving party at the time of filing the supporting brief shall also file and serve the evidentiary materials on which the party is relying and which have not previously been filed." NECivR 7.1(b)(1)(A). The Christensens failed to provide the court with evidence from which the court could find they transferred their entire interests in the subject real property and the present litigation to Barta Land Co., LLC.

Second, Rule 25(c) requires the movant to serve any such motion along with notice of hearing on the parties as provided in Federal Rule of Civil Procedure 5, and upon persons not parties as provided in Federal Rule of Civil Procedure 4 (pertaining to serving a summons). Fed. R. Civ. P. 25(a)(1), (c). The Christensens do not represent to the court that they made the required service on Barta Land Co., LLC.

Whether to permit a substitution of parties pursuant to Rule 25 lies within the sound discretion of the court and the court "may refuse to substitute parties in an action even if one of the parties so moves." ***Froning's, Inc. v. Johnston Feed Serv., Inc.***, 568 F.2d 108, 110

(8th Cir. 1978) (**citing**, *inter alia*, ***McComb v. Row River Lumber Co.***, 177 F.2d 129, 130 (9th Cir. 1949)); **see also** ***FDIC v. Tisch***, 89 F.R.D. 446, 448 (E.D.N.Y. 1981) ("A motion under Rule 25(c) for joinder or substitution of a party after suit has been commenced is addressed to the sound discretion of the court, taking into account all the exigencies of the situation.") (**citing *McComb***, 177 F.2d at 129 (9th Cir. 1949)). "The rule is 'designed to allow an action to continue unabated when an interest in a lawsuit changes hands,' rather than requiring the initiation of an entirely new lawsuit." ***ELCA Enters. v. Sisco Equip. Rental & Sales***, 53 F.3d 186, 191 (8th Cir. 1995) (**quoting *Gen. Battery Corp. v. Globe-Union, Inc.***, 100 F.R.D. 258, 261 (D. Del. 1982)); **see also** ***In re Covington Grain Co.*** (***Collateral Control Corp. v. Deal***), 638 F.2d 1362, 1364 (5th Cir. Unit B 1981) ("Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands.").

Despite the defects in the plaintiffs' Motion, as described above, Rule 25 exists so that the court may relieve a party of its obligation to pursue civil litigation where such party transfers all of its interest in the subject of the litigation to another. From the plaintiffs' representations in their Motion and their Response, they are precisely the type of party who is entitled to the relief substitution provides. Neither of the defendant's two arguments persuades the court that it should deny the original relief requested, so long as the plaintiffs remedy the above-described defects as ordered below. First, the defendant complains that the Motion was brought only shortly before trial. Nothing in Rule 25(c) limits the time within which a motion to substitute may be brought. **See** Fed. R. 25(c); ***USI Props. Corp. v. M.D. Constr. Co.***, 186 F.R.D. 255, 260 (D.P.R. 1999) ("There is no time limit for a Rule 25(c) motion and the determination is solely within the discretion of the court.").

As to the defendant's second argument, that granting the motion would undermine maintaining an accurate and complete record of the proceedings, such would be an argument against ever granting a motion for substitution. The fact that Rule 25 exists demonstrates that the drafters of the Federal Rules of Civil Procedure and the United States Supreme Court, which adopts such rules and the amendments thereto, find the inconvenience to a party of

3

litigating a matter in which they no longer have an interest is not outweighed by the challenges facing the parties and the court in administering the litigation.

Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs R. Keith Christensen and Marian I. Christensen's Motion for Substitution of Parties (Filing No. 79) is held in abeyance pending the plaintiffs taking the following two actions **on or before August 15, 2005**:  (1) provide for immediate service on Barta Land Co., LLC of copies of the Motion under consideration here, the Amended Complaint, and this Order, and file with the Clerk of the Court proof of such service of process; and (2) file with the Clerk of the Court sufficient evidence of the April 22, 2005 transfer that it can find plaintiffs R. Keith Christensen and Marian I. Christensen no longer have any interest in the present litigation.  If plaintiffs R. Keith Christensen and Marian I. Christensen fail to take either action, the court will enter an Order denying their Motion for Substitution.

3. The court deems it unnecessary to hold a hearing on substitution or joinder unless and until Barta Land Co., LLC files a motion for an evidentiary hearing on the issue of whether it is the successor to all of R. Keith Christensen and Marian I. Christensen's interests in the subject property and the instant litigation.

Dated this 8th day of August, 2005.

BY THE COURT:

s/Thomas D. Thalken  
United States Magistrate Judge

4